United States District Court
Southern District of Texas
**ENTERED**
September 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Natasha R. Weddle, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-3466 |
| | § | |
| Townsen Memorial Hospital, | § | |
| | § | |
| *Defendant*. | § | |

**JUDGE PALERMO'S
REPORT AND RECOMMENDATION AND ORDER**

This is an employment-discrimination case. ECF No. 1.[1] Defendant Townsen Memorial Hospital ("Townsen Memorial") moves to dismiss Plaintiff Natasha Weddle's complaint. ECF No. 20. Weddle responded, ECF No. 21, and Townsen Memorial replied, ECF No. 22.

Having considered the parties' briefing and the applicable law, the Court recommends the motion be granted. Because the Court finds dismissal appropriate, the Court denies as moot all other pending motions.

## I. BACKGROUND

Townsen Memorial hired Weddle in November 2023 as a certified pharmacy technician. ECF No. 21 at 1. At some point shortly after that, Townsen Memorial terminated her. ECF No. 1. On February 15, 2024, she filed a complaint with the

[1] The district judge referred all pretrial proceedings under 28 U.S.C. § 636. ECF No. 8.

EEOC; she received a right-to-sue letter on December 12, 2024. *Id.* ¶¶ 4–5; ECF No. 1-2. The letter warned Weddle that if she wished "to file a lawsuit against" Townsen Memorial, she must file it "**WITHIN 90 DAYS**." ECF No. 1-2 (emphasis in original).

Weddle claims she "filed suit in a court that was later determined not to be the proper forum." ECF No. 21 at 1. Apparently, that case "dismissed without prejudice," although Weddle does not identify the court in which she initially filed nor cite the case nor attach the dismissal order. *Id.*[2]

In any event, Weddle subsequently filed this case on July 23, 2025, alleging racial and religious discrimination under Title VII. ECF No. 1.

## II. RULE 12(B)(6) DISMISSAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gaskin v. Univ. of Hous. Police Dep't*, No. CV H-25-1658, 2025 WL 3514356, at *3 (S.D. Tex. Dec. 8, 2025) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations "allow[] the court to draw the reasonable inference that the defendant is

[2] In its reply, Townsen Memorial explains that Weddle initially filed in the Harris County Justice Court and attaches several filings from that state-court case. ECF No. 22.

liable for the misconduct alleged." *Id.* (quoting *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020)).

In determining a motion to dismiss, "'[c]ourts accept 'all well-pleaded facts as true' and 'view them in the light most favorable to the plaintiff.'" *Id.* (original alteration adopted) (quoting *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018)). At this stage, courts may only consider "(1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice." *Id.* (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).

## III. WEDDLE'S TITLE VII CLAIMS ARE TIME-BARRED.

Weddle's Title VII claims are time-barred. "[B]efore a plaintiff can file a suit in federal court alleging employment discrimination under Title VII, [s]he must exhaust h[er] administrative remedies." *Kuuriraya v. Hous. Indep. Sch. Dist.*, No. 4:25-CV-3283, 2026 WL 1611916, at *3 (S.D. Tex. Apr. 24, 2026) (citing *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018), *aff'd*, 587 U.S. 541 (2019)), *adopted*, No. 4:25-CV-03283, 2026 WL 1540428 (S.D. Tex. June 1, 2026). "Exhaustion occurs when [a] plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id.* (alteration in original) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)). After receiving a right-to-sue notice, "a plaintiff has ninety days to file a civil action pursuant to h[er]

Title VII claims." *Id.*; (citing 42 U.S.C. § 2000e-5(f)(1)). "The ninety-day limitations period is strictly construed against all litigants, and *pro se* litigants are not excused from abiding by the limitations period." *Id.* (citing *Taylor*, 296 F.3d at 379). "[C]ourts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *5 (5th Cir. June 7, 2024) (quoting *Taylor*, 296 F.3d at 379).

Here, Weddle received the right-to-sue letter on the same day the EEOC issued it—December 12, 2024. ECF No. 1 ¶ 5. She did not file this lawsuit, however, until 223 days later, on July 23, 2025. ECF No. 1. Thus, she failed to file her complaint within the ninety-day limitation period. 42 U.S.C. § 2000e-5(f)(1).

In her response, Weddle maintains that she "diligently pursued her rights" by filing her initial case in another court and "acted promptly to file this action in the proper federal court" once she realized she filed in the wrong forum. ECF No. 21 at 2. She urges the Court to apply equitable tolling to excuse her untimely complaint. *Id.*

The plaintiff "bears the burden to show [s]he is entitled to equitable tolling." *Calhoun v. Dir., TDCJ-CID*, No. 3:24-CV-2398-S (BT), 2024 WL 5323853, at *3 (N.D. Tex. Nov. 26, 2024) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)), *adopted*, No. 3:24-CV-2398-S-BT, 2025 WL 92387 (N.D. Tex. Jan. 13,

2025). Fifth Circuit precedent recognizes that "equitable tolling can excuse an untimely filing in the following circumstances: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Thomas*, 2024 WL 2874367, at *6 (internal quotation marks omitted) (quoting *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 380 (5th Cir. 2019)). The second and third circumstances do not apply here because Weddle does not allege she was unaware of the underlying facts or that the EEOC misled her.

Weddle likewise fails to show that the first circumstance applies. Here, Weddle filed her small-claims petition in Harris County, Texas, on literally the final day of the limitation period—March 12, 2025. ECF No. 22-1 at 1.[3] About a month later, on April 15, Townsen Memorial moved to dismiss the petition, arguing in part that Weddle should have filed her suit in either a U.S. or Texas district court. ECF No. 22-2 at 2–3. The state court subsequently dismissed the case on June 4, 2025. ECF No. 22-3.

Nowhere in her response does Weddle explain why she waited until the ninetieth day to file her initial petition in state court or why she did not refile in an

[3] The Court may take judicial notice of a state court's orders, final judgment, and docket as matters of public record in connection with a motion to dismiss. *See Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

appropriate court after Townsen Memorial's motion. She did not even immediately refile as soon as the state court dismissed her petition. Instead, she waited an additional 49 days before filing this case.

In sum, Weddle fails to show she acted diligently. If anything, the record shows she dragged her feet. Thus, the Court holds that equitable tolling does not apply and concludes that her Title VII claims against Townsen Memorial are time-barred. *See Smith v. Tex. Child.'s Hosp.*, No. 4:22-CV-04250, 2024 WL 3489207, at *3–4 (S.D. Tex. July 19, 2024) (granting summary judgment because plaintiff filed "91 days after she . . . received her Notice of Right to Sue Letter" and "offer[ed] no arguments whatsoever as to why the equitable tolling doctrine should" apply), *adopted*, No. 4:22-CV-04250, 2024 WL 3744387 (S.D. Tex. Aug. 8, 2024), *aff'd*, No. 24-20389, 2025 WL 1325303 (5th Cir. May 7, 2025); *Taylor*, 296 F.3d at 380 ("Because Taylor did not file his complaint until . . . one day beyond the ninety-day period, the district court properly dismissed his claims as untimely."); *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (affirming summary judgment for defendant where plaintiff "filed 92 days after delivery . . . of the right-to-sue letter").

## IV. CONCLUSION

Accordingly, the Court **RECOMMENDS** Townsen Memorial's motion to dismiss, ECF No. 20, be **GRANTED** and Weddle's complaint be **DISMISSED** with

prejudice.

Finding dismissal appropriate, the Court further **DENIES AS MOOT** Weddle's motion requesting service by a U.S. Marshal, ECF No. 13, motion for entry of default, ECF No. 19, and motion for a hearing, ECF No. 24.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

**IT IS SO ORDERED.**

Signed at Houston, Texas, on September 9, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**